IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICOLE S. MINOR**, | : | |
| 530 Magee Avenue | : | |
| Philadelphia, PA 19111 | : | |
| Plaintiff | : | CIVIL ACTION NO: |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| 1515 Arch Street, 16th Floor | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| and | : | |
| | : | |
| **FITZGERALD DICK** | : | |
| Curran-Fromhold Correctional Facility | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| Defendants | : | |

**COMPLAINT**
**JURISDICTION, VENUE AND PARTIES**

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by § 1981a (hereinafter, "Title VII"), 42 U. S. C. §1983, §1985(3) and §1988. Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343. The Court's Pendent jurisdiction is invoked pursuant to 28 USC §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiffs' causes of action arose in the Eastern District of Pennsylvania, and all the Defendants are found in the Eastern District of Pennsylvania.

3. Plaintiff NICOLE MINOR is an adult female individual, and a citizen of the Commonwealth of Pennsylvania residing at 530 Magee Avenue in the City and County

1

of Philadelphia, Pennsylvania, 19111.

4. Defendant CITY OF PHILADELPHIA (hereinafter "CITY") is a Municipal Corporation located in the Commonwealth of Pennsylvania, defined as a City of the First Class under the laws of the Commonwealth of Pennsylvania. Said City of Philadelphia owns, operates, manages and directs the PHILADELPHIA PRISON SYSTEM (hereinafter "PRISON SYSTEM") as one of its administrative Departments which, in turn, employs the below-described Defendants. The City has principal offices located at 1515 Arch Street, 16th Floor, Philadelphia, PA 19102.

5. Defendant FITZGERALD DICK (hereinafter "DICK") is an adult male, and is a Supervisory employee, servant, workman and/or agent of Defendant City's Prison System, having a principal office located at 7901 State Road, Philadelphia, Pennsylvania, 19136. At all times relevant hereto, Defendant DICK was employed by said Defendant City's Prison System as a Sergeant of Correctional Officers, which is a Supervisory position. As such, he was a policymaker for said Defendant City and its Prison System. Defendant DICK is being sued individually and in his official capacity as Supervisor of Defendant City's Prison System.

6. At all times material hereto, Defendant City acted or failed to act through its authorized agents, servants, workmen and employees including, but not limited to, Defendant DICK, who was at all times then and there acting within the course and scope of his employment with and on behalf of and/or under the supervision, management, control and/or direction of Defendant City and its Prison System.

**7.** At all times material hereto, Defendant DICK was acting intentionally, maliciously, and

in reckless disregard of the Plaintiff's right to be free from sex discrimination and retaliation.

## ADMINISTRATIVE PROCEDURES

8. Plaintiff filed charges of sex discrimination and retaliation against Defendant CITY OF PHILADELPHIA with the District Office of the Equal Employment Opportunity Commission, Charge No. 17G - 2020-00036.

9. Plaintiff also received a Notice of Right to Sue Within 90 Days from the U. S. Department of Justice dated February 5, 2020.  A copy of the Notice of Right to Sue is attached and marked as Exhibit "A".

## BACKGROUND ALLEGATIONS

10. Plaintiff Minor is presently employed as a Correctional Officer at Defendant City's Riverside Correctional Facility (hereinafter "RCF"), but was formerly employed at Defendant City's Curran-Fromhold Correctional Facility (hereinafter "CFCF") at 7901 State Road in Philadelphia, where the complained-of conduct began in August 2019 and continues to the present.

## OPERATIVE ALLEGATIONS

11. In April 2019, Defendant Dick was Plaintiff Minor's immediate supervisor at CFCF.

12. On or about April 14, 2019, Plaintiff and Defendant Dick were working together in the same work area when Defendant Dick called the Plaintiff over to his desk and asked her to look at a video he had on a computer.

13. When Plaintiff Minor saw the video, she realized it was a pornographic video showing adult individuals engaged in sexual activity.

14. Plaintiff Minor found the video offensive and disgusting, and turned away from it.

15. At no time had the Plaintiff suggest to Defendant Dick that she was interested in such videos and she did not, at any time, encourage him to show her such videos.

16. Beginning on or about May 16, 2019, whenever Defendant Dick called out for the Plaintiff to perform a task, he would shout out her name and proclaim openly that "Big Dick" wanted or needed her.

17. Plaintiff Minor understood the term "Big Dick" to be a play on the Defendant's surname and as a vulgar reference to Defendant's penis.

18. Defendant Dick engaged in such conduct several times daily, and Plaintiff Minor found being called out in that open and public manner offensive, embarrassing and humiliating.

19. Defendant Dick would often announce that "Big Dick" wanted her for no other reason than to harass and annoy her and to discuss non-work-related matters.

20. On numerous occasions, Plaintiff Minor asked the Defendant to stop calling her out like that, but he just laughed and continued doing so.

21. Defendant Dick openly called out the Plaintiff in that manner for no other reason than that she was female, and similarly situated male personnel were not openly addressed as being needed or wanted by "Big Dick".

22. At one point in or around June, and when Defendant's offensive "Big Dick" related announcements continued, Plaintiff Minor asked Defendant Dick that he not speak with her except regarding work-related matters.

23. From that time onward, Defendant Dick would relay messages through other correctional Officers instead of speaking to her directly.

24. On or about August 16, 2019, and in order to retaliate against her for rebuffing his efforts to harass and embarrass her, Defendant Dick deliberately marked her as having come to work late when she had not.

25. When Plaintiff Minor protested to Defendant Dick that she had not been late, he refused to speak with her saying that since she was not speaking with him, she should not do so now.

26. Defendant Dick recorded her as having arrived late to work when she had not, and refused to discuss the purported lateness with her, solely to retaliate against her for pushing back on his efforts to harass her.

27. Plaintiff Minor found the conditions under which she work with Defendant Dick as hostile, oppressive and harmful.

28. On or about August 22, 2019, Plaintiff reported Defendant Dick's offensive conduct to Lieutenant William Hilty, who then reported the matter to Defendant City's Internal Affairs Division.

29. On August 22, 2019, Plaintiff Minor was interviewed by Sergeant Wanda Bloodshaw, and the Plaintiff reported Defendant Dick's offensive and discriminatory conduct to her.

30. On September 2, 2019, and in retaliation for having complained to Defendant City's Internal Affairs Division, Plaintiff was transferred from the CFCF to the RFC.

31. On September 30, 2019, Plaintiff was informed by Defendant's Equal Employment Opportunity Office that her allegations of sexual harassment and hostile work environment were found meritorious and that, therefore, they had been sustained.

32. Defendant City made no effort to reprimand Defendant Dick for his behavior or

otherwise instruct or train him regarding sex discrimination and/or retaliation, or to provide any effective remedy.

33. Thereafter, Plaintiff Minor learned that Defendant Dick issued a disciplinary action against her for no other reason than to retaliate against her for having reported his conduct to Defendant City's Internal Affairs Division.

34. More specifically, Defendant Dick issued an "Employee Violation Report" accusing the Plaintiff of insubordination, that she had been insubordinate in questioning and challenging his having marked her as late, and that she cursed at him and called him a "motherfucker", and threatened that he would regret what he did.

35. None of Defendant Dick's accusations were true, but were entirely pretextual, and she did not at any time curse or swear at him, or otherwise threaten him.

36. Defendant Dick's accusations and Employee Violation Report were entirely pretextual and issued for no other reason than to retaliate against her for having reported his discriminatory and retaliatory conduct to Defendant City's Internal Affairs Division.

37. Furthermore, and in further retaliation against the Plaintiff, Defendant City has barred the Plaintiff from working in certain areas and positions within the prison system, thereby depriving her of employment and promotion opportunities.

38. More specifically, the Plaintiff has been denied an opportunity to work in the Center Control area of the prison, in which position the Plaintiff would have opportunities to multi-task and learn many of the prison's administrative functions such as to qualify her for promotion.

39. Plaintiff learned that another Sergeant, Sergeant Crystal Kent, wanted the Plaintiff to

work with her unit, but that when she Kent asked for the Plaintiff, Captain Robert Segal said that he could not approve the transfer and told Sergeant Kent that she should contact the Deputy Warden before seeking the Plaintiff to work with her unit.

40. As a result, Plaintiff Minor was denied an opportunity to improve her skills and knowledge as a Correctional Officer and qualify for promotion.

### COUNT I: PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA
#### Violation of 42 U. S. C. §2000e-2(a)(1).

41. The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

42. The acts and failures to act of Defendant CITY OF PHILADELPHIA, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff with respect to the terms and conditions of her employment because of her sex.

43. Defendant CITY OF PHILADELPHIA is strictly liable for the acts and failures to act of its supervisory personnel, including Defendant DICK.

44. The acts and failures to act of Defendant CITY OF PHILADELPHIA constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-2(a)(1).

45. **WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for attorneys fees as allowed by 42 U. S. C. §1988.

### COUNT II: PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA
#### Violation of 42 U. S. C. §2000e-2(a)(2).

46. The Allegations contained in all preceding paragraphs are incorporated here as if set forth

fully and here reiterated in their entirety.

47. The acts and failures to act of Defendant CITY OF PHILADELPHIA, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to as to deprive the Plaintiff of employment opportunities or otherwise affect her status as an employee because of her sex.

48. Defendant CITY OF PHILADELPHIA is strictly liable for the acts and failures to act of its supervisory personnel, including Defendant DICK.

49. The acts and failures to act of Defendant CITY OF PHILADELPHIA constituted an unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(2).

*WHEREFORE*, the Plaintiff demands judgment against the Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for attorneys fees as allowed by 42 U. S. C. §1988.

### COUNT III: PLAINTIFF v. DEFENDANT CITY OF PHILADELPHIA
### Violation of 42 U. S. C. §2000e-3

50. The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

51. The acts and failures to act of Defendant CITY OF PHILADELPHIA, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated and retaliated against the Plaintiff because she opposed and complained about practices made unlawful under 42 U. S. C. §2000e-1 et seq.

52. Defendant CITY OF PHILADELPHIA is strictly liable for the acts and failures to act of

its supervisory personnel, including Defendant DICK.

53. The acts and failures to act of Defendant CITY OF PHILADELPHIA constituted an unlawful retaliatory employment action proscribed by 42 U. S. C. §2000e-3.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for attorneys fees as allowed by 42 U. S. C. §1988.

## STATE LAW CLAIMS

### COUNT IV: PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA
### Violation of 43 Pa. C. S. 955(a)

54. The Allegations contained in all preceding paragraphs are incorporated here as if set forth and reiterated here in their entirety.

55. 43 Pa. C. S. §955(a) proscribes any employer, because of the...(sex)...of any individual....(from discriminating) against such individual....with respect to compensation,...terms, conditions or privileges of employment...., if the individual or independent contractor is the best able and most competent to perform the services required.

56. The Plaintiff is and was the best able and most competent to perform duties as Correctional Officer.

57. Defendant City of Philadelphia, by and through its Supervisory employee, agent, workman and representative, Defendant Dick, engaged in a course of conduct as described here that impermissibly discriminated against the Plaintiff in the terms and conditions of her employment on the basis of her sex.   As such, Defendant Dick's conduct, which was the conduct of Defendant City, was proscribed by 43 Pa. C. S. §955

and constituted an unlawful discriminatory practice in violation of 43 Pa. C. S. §955(a).

58. As a result of the conduct of the Defendants, the Plaintiff has suffered a loss of employment and income, loss of professional stature, mental anguish, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, individually and/or jointly, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for any and all attorneys fees and costs as may be allowed by law.

### COUNT V: PLAINTIFF -v- ALL DEFENDANTS
### 43 Pa. C. S.   §955(d)

49. The averments set forth in all preceding paragraphs are here incorporated here as if fully set forth here.

50. 43 Pa. C. S. §955(d) proscribes any person or employer from discriminat-ing in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

51. The Defendants, individually and jointly, intentionally and wilfully discri-minated and retaliated against the Plaintiff because she opposed discriminatory prac-tices forbidden by 43 Pa. C. S. §955 and made a charge against the Defendants with the Pennsylvania Human Relations Commission, all in violation of 43 Pa. C. S. §955(d).

52. As a result of the conduct of the defendants, the Plaintiff has suffered a loss of employment and income, loss of professional stature, mental anguish, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE**, the Plaintiff prays for Judgment against all the defendants, individually

and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for any and all attorneys fees and costs as may be allowed by law.

        Respectfully submitted by:

        /s/ Patricia S.   Coates, Esquire_
        **Patricia S. Coates, Esquire**
        Attorney for Plaintiff Minor
        Attorney I. D. No.: #77747
        1700 Sansom Street
        Suite 801
        Philadelphia, PA 19103
        (215) 557-7038 (O)
        (215) 557-7041 (F)
        Philcoates4@aol.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICOLE S. MINOR**, <br> 530 Magee Avenue <br> Philadelphia, PA 19111 <br> Plaintiff | : <br> : <br> : <br> : <br> : | CIVIL ACTION NO: |
| v. | : <br> : | |
| **CITY OF PHILADELPHIA** <br> 1515 Arch Street, 16th Floor <br> Philadelphia, PA 19102 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| **FITZGERALD DICK** <br> Curran-Fromhold Correctional Facility <br> 7901 State Road <br> Philadelphia, PA 19136 <br> Defendants | : <br> : <br> : <br> : <br> : | |

## **VERIFICATION**

I, PATRICIA S. COATES, hereby verify that I am the attorney for the Plaintiff in the above-captioned matter and that the statements made herein are true and correct to the best of my knowledge, information and belief.

I understand that any false statements made herein are made subject to the penalties of 18 Pa. C.S. §4904 related to unsworn falsification to authorities.

Respectfully submitted by:

DATED: April 15, 2021            /s/ Patricia S.   Coates, Esquire_____
                                 Attorney For Plaintiff, Nicole S. Minor

12