UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE S. MINOR | : | CIVIL ACTION |
| | : | NO.: 2:21-cv-01771 |
| | : | |
| VS. | : | |
| | : | Judge Gene E.K. Pratter |
| | : | |
| FITZGERALD DICK AND | : | |
| CITY OF PHILADELPHIA | : | |

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiff, Nicole S. Minor, by and through her undersigned legal counsel, makes the following initial disclosures as required by FED.R.CIV.P 26 (a)(1). These disclosures are based on the information reasonably available to Plaintiff at this time and are made without waiving any objections to relevance, materiality, privilege, or admissibility of evidence in this action or any other action or proceeding. Plaintiff reserves the right to revise, correct, supplement, or clarify his disclosures, consistent with Rule 26 (e) of the Federal Rules of Civil Procedure.

**A.    PERSONS WITH KNOWLEDGE**

Pursuant to FED. R. R. CIV. P. 26(a)(1)(A)(1), the following individuals may have discoverable information that Plaintiff may use to support his claims against the Defendants:

1.

1.       Nicole S. Minor
           c/o Patricia S. Coates, Esquire
           1700 Sansom Street
           Suite 801
           Philadelphia, PA 19103
           (215) 557-7038

       Ms. Minor is the Plaintiff in this case and has knowledge of the facts and circumstances relating to Plaintiff's claims; all of the events that took place at the Curran-Fromhold Correctional Facility (CFCF) involving Plaintiff and the Defendant, Dick, on April 14, 2019, May 16, 2019, and August 19, 2019, respectively; of the Stipulation that was placed on her employment record with her retaliatory transfer, which prevents her from advancing at Riverside Correctional Facility; of her communications and interactions with the Defendant City of Philadelphia; of her interactions and communications with the other employees; of her communications with the City Of Philadelphia relating to Plaintiff's claims against Defendant Dick.

2.       C.O. Denise Bentley
           Curran-Fromhold Correctonal Facility
           7901 State Road
           Philadelphia, PA 19136
           (215) 685-7843

       Correctional Officer Bentley personally witnessed Defendant Dick instruct Plaintiff to look at a video on his personal cell phone on April 14, 2019; has knowledge of the facts and circumstances relating to Plaintiff's claims; of Plaintiff's communications and interactions with the Defendants; of her interactions and communications with other prison employees; of her communications with the City Of Philadelphia relating to Plaintiff's claims against the Defendant Dick; of Plaintiff's performance as a correctional officer;

3.       C.O. Naadia Brown
           Curran-Fromhold Correctional Facility
           7901 State Road
           Philadelphia, PA 19136
           (215) 685-7843

       Correctional Officer Brown personally witnessed Defendant Dick instruct Plaintiff to relay to another sergeant during a telephone discussion that "Big Dick in here" and repeatedly

yell, "Big Dick in here" on May 16, 2019; has knowledge of the facts and circumstances relating to Plaintiff's claims; of Plaintiff's communications and interactions with the Defendants; of her interactions and communications with other prison employees; of her communications with the City Of Philadelphia relating to Plaintiff's claims against the Defendant Dick; of Plaintiff's performance as a correctional officer;

4.  Sgt. William Hilty
    Curran-Fromhold Correctional Facility
    7901 State Road
    Philadelphia, PA 19136
    (215) 685-7843

    Sergeant Hilty has knowledge of the facts and circumstances relating to Plaintiff's claims; initiated an EEO investigation after the submission of Plaintiff's memorandum regarding Defendant Dick's sexual inappropriateness; has personal knowledge of the Defendant Dick's retaliatory conduct on August 19, 2019; has knowledge of Plaintiff's communications and interactions with the Defendant City of Philadelphia; of her interactions and communications with the other employees; of her communications with the City Of Philadelphia relating to Plaintiff's claims against Defendant Dick; of Plaintiff's performance as a correctional officer;

5.  Sgt. Gregory
    Curran-Fromhold Correctional Facility
    7901 State Road
    Philadelphia, PA 19136
    (215) 685-7843

    Sergeant.Gregory worked with Sgt. Dick and has knowledge of the facts and circumstances relating to Plaintiff's claims against Defendant Dick; conspired with Sgt. Dick to retaliate against Plaintiff and her immediate supervisor to have Plaintiff transferred to Riverside Correctional Facility.

6.  Sgt. Kent
    Riverside Correctional Facility
    8151 State Road
    Philadelphia, PA 19136
    (215) 685-8956

    Sergeant Kent offered Plaintiff a position at the Center Control at the Riverside

Correctional Facility and was advised by Captain Segal that Plaintiff was prohibited from working in said position due to the Stipulation placed on Plaintiff's employment record.

7. Captain Segal
   Riverside Correctional Facility
   8151 State Road
   Philadelphia, PA 19136
   (215) 685-8956

   Captain Segal confirmed the retaliatory Stipulation placed on Plaintiff's employment record with her transfer; informed Sgt. Kent that Plaintiff was not allowed to work in Center Control, although she was qualified for the position, had more seniority than any other employee at the facility, including her supervisors, and had an excellent attendance record.

8. Aretha Patterson
   Riverside Correctional Facility
   8151 State Road
   Philadelphia, PA 19136
   (215) 685-8956

   Aretha Patterson confirmed the retaliatory Stipulation placed on Plaintiff's employment record with her transfer; confirmed to Sgt. Kent that the retaliatory Stipulation placed on Plaintiff's employment record was accurate.

9. Major McCants or his successor
   Riverside Correctional Facility
   8151 State Road
   Philadelphia, PA 19136
   (215) 685-8956

   Major McCants has knowledge of the stipulation placed on Plaintiff's employment record with her transfer from CFCF to Riverside Correctional Facility, which prohibited her from advancing in Riverside; refused to lift the Stipulation on Plaintiff's employment record and failed to respond to efforts by Plaintiff's union representative to lift same.

10.     Sgt Wanda Bloodsaw
        Curran-Fromhold Correctional Facility
        7901 State Road
        Philadelphia, PA 19136
        (215) 685-7843

      Sgt. Bloodsaw has knowledge of the facts and circumstances relating to Plaintiff's claims; conducted an EEO investigation after the submission of Plaintiff's memorandum regarding Defendant Dick's sexual inappropriateness; has personal knowledge of the Defendant's retaliatory conduct after the submission of Plaintiff's complaints; has knowledge of Plaitniff's communications and interactions with the Defendant City of Philadelphia; of her interactions and communications with the other employees; of her communications with the City Of Philadelphia relating to Plaintiff's claims against Defendant Dick; of Plaintiff's performance as a correctional officer;

11.     Michael Roadcloud
        AFSCME, Local 159
        3001 Walnut Street
        Philadelphia, PA 19104
        (215) 895-3300

      Mr. Roadcloud has knowledge of the facts and circumstances relating to Plaintiff's claims; of Defendants' retaliatory conduct after the submission of Plaintiff's complaints; of the stipulation placed on Plaintiff's employment record; made consistent efforts to lift the retaliatory stipulation placed on Plaintiff's employment record to no avail; has knowledge of Plaintiff's communications and interactions with the Defendant City of Philadelphia; of her interactions and communications with the other employees; of her communications with the City Of Philadelphia relating to Plaintiff's claims against Defendant Dick; of Plaintiff's performance as a correctional officer;

12.     Custodian of Records – relevant custodian of records will be produced to authenticate

relevant records if necessary.

13.     Any individual identified by Defendants as a potential witness in their Initial Disclosures, Answers to discovery, or otherwise in this matter.

      Additionally, in support of her claims, Plaintiff may rely on discoverable   information

held by individuals identified by Defendants in their Initial Disclosures, written discovery responses, responsive documents, depositions and by third parties in documents subpoenaed or otherwise obtained and information provided by deposition or otherwise.

**B.    DOCUMENTS**

Pursuant to FED. R. CIV. P 26(a)(1)(A)(ii), Plaintiff may use the following categories of Documents, electronically stored information, and things in support of his claims against the Defendants:

1.   Plaintiff's Memorandum of sexual inappropriateness filed against Defendant Dick;

2.   Statements made to the EEO Unit against the Defendants regarding the events that took place at the Curran-Fromhold Correctional Facility involving Plaintiff and Defendant Dick on April 14, 2019, May 16, 2019, and August 19, 2019, respectively;

3.   Statements made to the EEO Unit against the Defendants regarding the events that took place at the Curran-Fromhold Correctional Facility involving Plaintiff and Defendant, Dick on May 16, 2019;

4.   Statements made to the EEO Unit against the Defendants regarding the events that took place at the Curran-Fromhold Correctional Facility involving Plaintiff and Defendant, Dick on August 19, 2019;

5.   Violation Report submitted by Defendant Dick against Plaintiff;

6.   Stipulation placed on Plaitniff's employment record.

7.  Statements made by witnesses and Defendant Dick during EEO internal Investigation, and EEO findings;

8.  Relevant portions of the file from the Equal Employment Opportunity Unit relating to its investigation of Plaintiff's complaints against Defendant Dick;

9.  EEOC Complaint filed by Plaintiff and EEOC findings;

10. Relevant portions of the file from the Equal Employment Opportunity Commission relating to Plaintiff's Charge For Discrimination.

11. Relevant documents obtained by third parties, including but not limited to records from Defendants' former and current employers, and documents submitted to any state or federal Administrative agency.

12. Documents identified by Defendants during the course of litigation.

13. All documents produced by the parties, or by third parties pursuant to subpoena or otherwise, during the course of litigation.

To the extent that any of the above categories of documents contain confidential information related to other employees or former employees of Defendant, City Of Philadelphia, such documents shall be subject to redaction. To the extent that there is privileged information or material within the above categories of documents, such privileged information shall not be produced in this matter.

**7.**

**C.    DAMAGES**

Pursuant to FED. R. CIV. P 26(a)(1)(A)(iii), Plaintiff is seeking damages in an amount in excess of $150,000 for pain and suffering, plus punitive damages in an amount the Court deems appropriate, reasonable attorney's fees and costs.

**D.    INSURANCE**

Pursuant to FED. R. CIV. P. 26(a)(1)(A)(iv), Plaintiff has no insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted by:

DATE:  July 22, 2021                BY:  //s Patricia S. Coates//
                                    PATRICIA S. COATES, ESQUIRE
                                    Attorney For Plaintiff, Nicole Minor
                                    1700 Sansom Street
                                    Suite 801
                                    Philadelphia, PA 19103
                                    Phone: (215) 557-7038
                                    Facsimile: (215) 557-7041
                                    Email: philcoates4@aol.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICOLE S. MINOR** | : | **CIVIL ACTION** |
| | : | **NO.: 2:21-cv-01771** |
| | : | |
| **VS.** | : | |
| | : | **Judge Gene E.K. Pratter** |
| | : | |
| **FITZGERALD DICK AND** | : | |
| **CITY OF PHILADELPHIA** | : | |

## CERTIFICATE OF SERVICE

    I, Patricia S. Coates, Esquire, hereby certify that a true and correct copy of

Plaintiff's Rule 26 Initial Disclosures was served upon the following via electronic and email on

July 22, 2021:

        **Erica Elizabeth Kane, Esq.**
        **Assistant City Solicitor**
        **Labor and Employment Unit**
        **City of Philadelphia Law Department**
        **1515 Arch Street, 16th Floor**
        **Philadelphia, PA 19102**
        [Erica.Kane@phila.gov](mailto:Erica.Kane@phila.gov)

        **Joseph L. Gordon, Esquire**
        **Pietragallo Gordon Alfano Bosick & Rispanti, LLP**
        **1818 Market Street**
        **Suite 3402**
        **Philadelphia, PA 19103**
        **JLG@Pietragallo.com**

        Respectfully submitted by:

DATE: July 22, 2021        BY: //s Patricia S. Coates//
                                          PATRICIA S. COATES, ESQUIRE